**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **UNITRIN AUTO AND HOME** | * | |
| **INSURANCE COMPANY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION FILE** |
| | * | |
| **KENDALL COCHRAN** and | * | **NO:  4:17-CV-00240-CDL** |
| **RICHARD GRIBBINS,** | * | |
| | * | |
| **Defendants.** | * | |

### ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Defendant KENDALL COCHRAN, and files this her Answer to Plaintiff Unitrin Auto and Home Insurance Company's ("Plaintiff") Complaint for Declaratory Judgment, by and through her counsel of record, showing this Court as follows:

#### First Affirmative Defense

Plaintiff's Complaint for Declaratory Judgment fails to state a claim against Defendant Kendall Cochran upon which relief can be granted.

#### Second Affirmative Defense

Plaintiff is not entitled to declaratory relief as its claims are barred by public policy.

#### Third Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the doctrine of estoppel.

#### Fourth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the doctrine of statute of frauds.

#### Parties, Jurisdiction and Venue

1.

Defendant Kendall Cochran is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

Unitrin Auto and Home Insurance Company vs. Kendall Cochran and Richard Gribbins
United States District Court, Middle District of Georgia, Columbus Division
Civil Action File No:  4:17-CV-00240-CDL
*Answer to Complaint for Declaratory Judgment*
Page **1** of **7**

2.

Admitted.

3.

Defendant Kendall Cochran is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

4.

Defendant Kendall Cochran is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

5.

Defendant Kendall Cochran is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

<u>The Underlying Lawsuit and Prior Demand Letter</u>

6.

Admitted.

7.

Admitted that Defendant Richard Gribbins' Complaint contains said allegations.

8.

Admitted that Defendant Richard Gribbins' Complaint contains said allegations.

9.

Admitted that Defendant Richard Gribbins' Complaint contains said allegations.

10.

Admitted.

11.

Admitted.

12.

Admitted that the Demand Letter contains said allegation but denies that said allegation is true.

Unitrin Auto and Home Insurance Company vs. Kendall Cochran and Richard Gribbins
United States District Court, Middle District of Georgia, Columbus Division
Civil Action File No: 4:17-CV-00240-CDL
*Answer to Complaint for Declaratory Judgment*
Page **2** of **7**

13.

Defendant Kendall Cochran admits that the affidavit of Johnson Wade Yarbrough speaks for itself and says what it says but denies that the statements made by Johnson Wade Yarbrough therein are true.

14.

Defendant Kendall Cochran admits that the Demand Letter speaks for itself and contains said allegation but Defendant Kendall Cochran denies the alleged "egregious facts of the case" and is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegation as it relates to a potential jury award and therefore, denies said allegation.

15.

Defendant Kendall Cochran admits that the Demand Letter speaks for itself and contains said allegation.

16.

Admitted.

17.

Admitted.

18.

Admitted.

The Unitrin Policy

19.

Admitted.

20.

Admitted.

21.

Admitted.

Unitrin Auto and Home Insurance Company vs. Kendall Cochran and Richard Gribbins
United States District Court, Middle District of Georgia, Columbus Division
Civil Action File No: 4:17-CV-00240-CDL
*Answer to Complaint for Declaratory Judgment*
Page **3** of **7**

22.

Defendant Kendall Cochran admits that she is an Insured under the Unitrin Policy, which includes the Personal Catastrophe Liability endorsement ("the PCL") referenced in Paragraph 21, and that the Underlying Lawsuit describes an "auto accident" and "bodily injury" for which the Unitrin Policy is required to pay damages on behalf of Defendant Kendall Cochran.  Defendant Kendall Cochran denies that Unitrin's liability to pay said damages is limited to $250,000.00.

23.

Defendant Kendall Cochran admits that the Unitrin Policy speaks for itself. Defendant Kendall Cochran further admits that the Underlying Lawsuit describes "bodily injury," and that the Underlying Incident was an accident or "occurrence" under said Policy. Defendant Kendall Cochran denies that Unitrin's liability under the Policy to pay said damages resulting from the accident or "occurrence" is limited to $250,000.00.

24.

Defendant Kendall Cochran admits that the Unitrin Policy speaks for itself and denies that any of the Unitrin Policy exclusions are applicable to exclude coverage for the damages caused by the underlying accident or occurrence and which are sought to be paid pursuant to the Unitrin Policy in the Underlying Lawsuit.

Declaratory Judgment

25.

Defendant Kendall Cochran incorporates her responses to Plaintiff's allegations contained in Paragraphs 1 through 24 by reference as if fully set forth herein.

26.

Denied.

27.

Admitted.

28.

Admitted.

Unitrin Auto and Home Insurance Company vs. Kendall Cochran and Richard Gribbins
United States District Court, Middle District of Georgia, Columbus Division
Civil Action File No:  4:17-CV-00240-CDL
*Answer to Complaint for Declaratory Judgment*
Page **4** of **7**

29.

Defendant Kendall Cochran is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

30.

Admitted that said controversy exists and Defendant Kendall Cochran denies that the PCL endorsement to the Unitrin Policy does not provide coverage to Defendant Kendall Cochran for the claims asserted by Defendant Gribbins in the Underlying Lawsuit.

31.

Defendant Kendall Cochran admits that Plaintiff is seeking a declaratory judgment from this Court; however, Defendant Kendall Cochran denies that Plaintiff has no obligation to Defendant Kendall Cochran under the PCL endorsement.

32.

Admitted that given Plaintiff's request for declaratory judgment, it is necessary and appropriate at this time for the Court to determine that Plaintiff _does_ have an obligation to Defendant Kendall Cochran under the PCL endorsement and that the PCL endorsement provides coverage to Defendant Kendall Cochran for the claims asserted by Defendant Gribbins in the Underlying Lawsuit.

WHEREFORE, Defendant Kendall Cochran respectfully requests as follows:

(a)     That judgment be entered in favor of Defendant Kendall Cochran and against Plaintiff declaring that Plaintiff is legally responsible for providing liability insurance coverage under its Unitrin Policy of insurance, including coverage under the Personal Catastrophe Liability endorsement ("the PCL"), to Defendant Gribbins and for all claims set forth in the Underlying Lawsuit;

(b)     That Defendant Kendall Cochran be discharged without costs and that all costs be cast against Plaintiff; and

Unitrin Auto and Home Insurance Company vs. Kendall Cochran and Richard Gribbins
United States District Court, Middle District of Georgia, Columbus Division
Civil Action File No:  4:17-CV-00240-CDL
_Answer to Complaint for Declaratory Judgment_
Page **5** of 7

(c)     For such other and further relief as this court deems just and proper.

Respectfully submitted this 5th day of January, 2018.


                                        s/Stephen Scot Sikes, Esq.
                                        Counsel for Defendant Kendall Cochran


                                        **LAW OFFICES OF SCOT SIKES**
                                        5 Bradley Park Court, Suite 101
                                        Columbus, Georgia  31904
                                        Phone:  706/494-6900
                                        Facsimile: 706/494-6901
                                        E-mail: scot@scotsikes.com
                                        Georgia Bar No: 645799

Unitrin Auto and Home Insurance Company vs. Kendall Cochran and Richard Gribbins
United States District Court, Middle District of Georgia, Columbus Division
Civil Action File No:  4:17-CV-00240-CDL
*Answer to Complaint for Declaratory Judgment*
Page **6** of 7

**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **UNITRIN AUTO AND HOME** | * | |
| **INSURANCE COMPANY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION FILE** |
| | * | |
| **KENDALL COCHRAN and** | * | **NO:  4:17-CV-00240-CDL** |
| **RICHARD GRIBBINS,** | * | |
| | * | |
| **Defendants.** | * | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2018 I electronically filed the foregoing *Answer to Complaint for Declaratory Judgment* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bradley S. Wolff, Esquire
Swift, Currie, McGhee & Hiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia  30309-3231

William Dixon James, Esquire
William Dixon James, P.C.
One Decatur Town Center
150 East Ponce De Leon Avenue, Ste. 260
Decatur, Georgia  30030

Respectfully submitted,

s/Stephen Scot Sikes, Esq.
Counsel for Defendant Kendall Cochran

**LAW OFFICES OF SCOT SIKES**
5 Bradley Park Court, Suite 101
Columbus, Georgia  31904
Phone:  706/494-6900
Facsimile: 706/494-6901
E-mail: scot@scotsikes.com
Georgia Bar No: 645799

Unitrin Auto and Home Insurance Company vs. Kendall Cochran and Richard Gribbins
United States District Court, Middle District of Georgia, Columbus Division
Civil Action File No:  4:17-CV-00240-CDL
*Answer to Complaint for Declaratory Judgment*
Page **7** of **7**