IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITRIN AUTO AND HOME INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>KENDALL COCHRAN and RICHARD GRIBBINS,<br><br>          Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>* | CASE NO. 4:17-CV-00240-CDL |

IMPORTANT NOTICE REGARDING ELECTRONIC FILING

     If you received this Order by mail, you are not in compliance with the Court's electronic filing policy.   In order to electronically file documents with our court, you will need to register with our court by completing the electronic registration form available on our website, **www.gamd.uscourts.gov** (see the CM/ECF page for specific information on the electronic filing requirements).

IMPORTANT NOTICE REGARDING ELECTRONIC TRANSMISSION
OF *PROPOSED* ORDERS, INCLUDING SCHEDULING ORDERS

     Proposed scheduling orders must be emailed to the Clerk at **Columbus.ecf@gamd.uscourts.gov** for Columbus Division cases and to **Athens.ecf@gamd.uscourts.gov** for Athens Division cases, rather than filed electronically.   All other filings shall be made electronically through the CM/ECF system.   All *proposed* orders (other than scheduling orders), in addition to being electronically filed, should be e-mailed to the Clerk in word processing format (not scanned) unless otherwise instructed by the Court.

REQUEST FOR TEMPORARY STAY OF RULE 16/26 ORDER REQUIREMENTS

If a Motion to Dismiss and/or a Motion to Remand is presently pending and the parties do not find it necessary to conduct discovery to support or oppose this motion, the Court may stay discovery pending its ruling on the motion.   Therefore, if the parties seek a stay of discovery pending resolution of the motion,

they should file a consent motion within fourteen days of the date
of this Order seeking such a stay; and thereby avoid the filing of
a Proposed Scheduling/Discovery Order at this time.

RULES 16 AND 26 ORDER

TO:  COUNSEL (OR PARTIES IF UNREPRESENTED BY COUNSEL):

Your attention is directed to Rules 16 and 26 of the Federal
Rules of Civil Procedure and to this Court's local rules.  The
Local Rules are available on the Court's website
(www.gamd.uscourts.gov).

PROPOSED SCHEDULING ORDER/REPORT GENERAL REQUIREMENTS

Rules 16(b) and 26(f) require the parties to confer, develop a
proposed discovery plan, and submit a report to the presiding
judge.  A scheduling order must then be entered.  You are directed
to confer within 30 days of the date of this Order to discuss the
contents and form of the Proposed Scheduling/Discovery Order.

A joint report in the form of a single proposed scheduling
order is due for this case and must be electronically transmitted
to the Court via e-mail in word processing format (not scanned) at
**Columbus.ecf@gamd.uscourts.gov** for Columbus Division cases and to
**Athens.ecf@gamd.uscourts.gov** for Athens Division cases no later
than March 26, 2018.  If the parties cannot agree, the proposed
order shall state their differences and specify their respective
positions.  A party who cannot gain the cooperation of the other
party in preparing the proposed order should advise the Court prior

to the due date of the proposed order of the other party's failure to cooperate.

A proposed scheduling order shall include suggested time limits for items specified in Rule 16(b); the name and address of every witness to be deposed, including the proposed time, date, and place for each deposition; the estimated cost of all discovery, including attorney's fees; the name, address, and telephone number of lead counsel for each party; the date the complaint was filed and the date the complaint was answered.  The proposed scheduling order may also include such other matters as the parties deem appropriate.  **Below the signatures of counsel the proposed order should include a date line and a signature line for the Court.**  A copy of the proposed scheduling order must be served upon each party.  The proposed scheduling order will be carefully considered and, subject to such changes as may be deemed appropriate, either adopted by the court or discussed with counsel in person or by conference call.

<u>NOTICE REGARDING SELF-REPRESENTATION</u>

Parties that are separate artificial legal entities, such as corporations and limited liability companies, must be represented by an attorney. *Palazzo v. Gulf Oil Corp.* 764 F.2d 1381, 1385 (11th Cir. 1985); *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.,* 748 F.2d 602, 609 (11th Cir. 1984). Accordingly, any such parties who are not presently represented by

counsel should secure representation expeditiously to avoid sanctions, including possible default judgment and/or dismissal.

SUBJECT MATTER JURISDICTION

Subject matter jurisdiction cannot be waived, and the Eleventh Circuit Court of Appeals has on occasion dismissed cases *sua sponte* upon learning of a lack of diversity while the cases were on appeal—even though no party raised the issue before the appeal and even though the cases were tried to final verdict and judgment. *See, e.g., Purchasing Power, LLC v. Bluestem Brands, Inc.*, No. 16-11896, 2017 WL 1046103, at *7 (11th Cir. Mar. 20, 2017). Therefore, it is critical that diversity jurisdiction be established early in the litigation, particularly in cases involving unincorporated associations, limited liability companies, limited liability partnerships, partnerships, and similar entities that are, for diversity purposes, citizens of every state in which one of their members resides. *E.g., id.* at *1, ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of.").

In cases where subject matter jurisdiction is based on diversity of the parties, the parties shall state in the proposed scheduling order the citizenship of each party. If the parties cannot agree on the citizenship of the parties without some discovery on the issue, they shall state that in the proposed scheduling order.

4

## DISCOVERY PERIOD

It is the Court's expectation that absent good cause shown all discovery will be completed within six months after the filing of responsive pleadings or a motion staying filing of responsive pleadings.   If the parties believe a greater discovery time is necessitated, you must state why in the proposed order.  **The parties are directed to include in the proposed scheduling order the specific date that discovery will expire.**  Multiple requests for extensions of the discovery period are strongly discouraged and will rarely be granted absent exceptional circumstances.  Agreement to extensions by all the parties does not constitute exceptional circumstances.

## COMPLETE AND TIMELY DISCOVERY

If disclosures and/or discovery responses are not complete, including a separate listing of the name and last known address of each potential witness, then the failure to provide complete disclosure may result in the exclusion of testimony from any witness who is not properly disclosed.  It is not sufficient to disclose the identity of potential witnesses by simply describing categories of persons, such as "all of plaintiff's medical providers contained in plaintiff's medical records."  Disclosure shall be by specific name, if known or reasonably ascertainable. If specific disclosure is not possible, an explanation as to why such disclosure is not possible shall be given.

No discovery request may be served, without leave of court, unless the due date for the response to the request under the rules occurs prior to the expiration of the discovery period.

The parties shall be under a continuing duty to supplement all disclosures and responses in accordance with Rule 26(e).  When such supplementation is required, the supplemental responses shall be served upon the opposing party within fourteen days of learning of the information requiring the supplemental response, unless the Court otherwise extends the supplemental response period upon motion of a party.

<u>EXPERT DISCOVERY</u>

Any party who desires to use the testimony of an expert witness will be required to designate the expert according to the following schedule, so that the expert will be identified sufficiently early in the discovery period to give the opposing party the opportunity to depose the expert.  A plaintiff desiring to use the testimony of an expert must disclose the identity of the expert within 90 days after the filing of the last answer of the defendants named in the original complaint.  A defendant desiring to use the testimony of an expert must disclose the identity of the expert within 120 days after the filing of the last answer of the defendants named in the original complaint.  In the event a defendant designates an expert where plaintiff has not previously designated an expert, plaintiff shall have an additional 30 days to designate a rebuttal expert witness.  Any disclosure of an expert

witness retained or specially employed to provide expert testimony in the case or one whose duties as a party's employee regularly involve giving expert testimony must be accompanied by a written report prepared and signed by the expert in accordance with the requirements of Rule 26(a)(2)(B).  Any disclosure of an expert witness who is not required to provide a written expert report under Rule 26(a)(2)(B) must comply with Rule 26(a)(2)(C) and disclose the identity of the witness, the subject matter on which the witness is expected to present expert testimony, and a summary of the facts and opinions to which the witness is expected to testify.   The  provisions  of  this  order  concerning  the identification of expert witnesses may not be changed by the Joint Scheduling/Discovery Order submitted by the parties.

Unless otherwise ordered by the Court, any motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 and/or *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) shall be filed within 21 days after the court's ruling on the last pending motion for summary judgment.  If no summary judgment motion is filed by the date that dispositive motions are due, then any *Daubert* motions shall be filed within 21 days after the due date for filing dispositive motions.  If an evidentiary hearing is necessary for the resolution of a *Daubert* motion, the party requesting the hearing shall file a written request for hearing at the time of the filing of the motion or the response to the motion.

7

The parties shall include the foregoing requirements described in this paragraph in their proposed scheduling order.

<u>DISPOSITIVE MOTIONS</u>

All dispositive motions shall be filed within 45 days of the close of discovery and briefs in support of the motions shall not exceed 20 pages unless otherwise ordered by the Court. Pursuant to Local Rule 7, respondent shall have 21 days and no more than 20 pages to respond to the dispositive motion and movant shall have 14 days thereafter and no more than 10 pages to file a reply. **The parties shall include in the proposed scheduling order the specific date by which dispositive motions shall be filed.**

<u>AMENDMENT OF PLEADINGS</u>

A deadline for amending pleadings shall be included in the proposed scheduling order. A party is not required to obtain consent or leave of court to file amended pleadings as long as the amended pleadings are filed prior to the deadline in the scheduling order.

<u>ORDERS REGARDING CONFIDENTIALITY</u>

All filings shall be a matter of public record and shall only be sealed from public disclosure in limited circumstances by order of the Court. The Court will closely scrutinize all requests for confidentiality protective orders. Even when such requests are deemed appropriate, the Court finds, absent compelling circumstances, that such orders do not apply to exclude evidence from public disclosure when that evidence is relied upon in support

of or opposition to any motion or relevant issue in any hearing or trial. There is a presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by a discovery protective order.

## REQUESTS TO EXCEED PAGE LIMITATIONS

Requests for extension of page limitations should rarely be made because such requests generally reflect a failure to focus upon the relevant issues in a concise and thoughtful manner. Therefore, extensions will only be granted in exceptional cases. When an extension of pages is permitted, the brief shall include a table of contents.

## CASES REMOVED FROM STATE COURT

For all cases removed from state court that had motions and/or discovery requests pending prior to removal, the parties shall address in the proposed scheduling order how the motion[s]/discovery requests shall be addressed in this Court, including whether the motion/discovery request should be deemed moot, whether the motion is ripe for ruling, and whether the motion/discovery request should be addressed in accordance with the schedule set forth in the proposed scheduling order.

## DISCLOSURE STATEMENT

Each nongovernmental corporate party must file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation. The deadline for filing the statement is set forth in Fed. R. Civ. P. 7.1, and if not filed sooner, the statement must in any event be filed within **14 days** of the date of this Order. A supplemental statement must be filed upon any change in the information that the statement requires.

<u>COURTESY COPIES</u>

Do not send courtesy copies of letters, motions or briefs to the judge or chambers.

SO ORDERED, this 8 February 2018.

<u>s/ CLAY D. LAND</u>
CLAY D. LAND
CHIEF UNITED STATES DISTRICT JUDGE