IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITRIN AUTO AND HOME INSURANCE COMPANY,

    Plaintiff,

vs.

KENDALL COCHRAN and RICHARD GRIBBINS,

    Defendants.

CASE NO. 4:17-CV-240 (CDL)

O R D E R

Unitrin Auto and Home Insurance Company filed an action for declaratory judgment against Richard Gribbins and Kendall Cochran to determine its duties to Cochran under her insurance policy. Unitrin now moves to voluntarily dismiss the action without prejudice (ECF No. 15). Cochran and Gribbins oppose dismissal and have filed motions for summary judgment (ECF Nos. 18 & 22) and motions to amend their pleadings to add counterclaims against Unitrin concerning the coverage issue (ECF Nos. 21 & 24).

Rule 41(a)(1) of the Federal Rules of Civil Procedure allows a plaintiff to unilaterally dismiss an action without prejudice as long as opposing parties have not yet filed an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1). Otherwise, Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers

proper." Fed. R. Civ. P. 41(a)(2). A dismissal by Court order is without prejudice unless the Court specifies otherwise. *Id*. Here, Unitrin seeks to dismiss its action under Rule 41(a)(2). "The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015)(quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986)).

"Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Id*. In deciding motions for voluntary dismissal under Rule 41(a)(2), courts must look to the particular facts of the case and "weigh the relevant equities and do justice between the parties . . . imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id*. at 1269. While striking this balance, the Court must "consider the crucial question of whether 'the defendant [would] lose any substantial right by the dismissal.'" *Id*. at 1268 (alteration in original)(quoting *Pontenberg v. Boston Sci. Corp*., 252 F.3d 1253, 1255 (11th Cir. 2001)(per curiam)). The Court should also consider "whether the plaintiff's counsel has acted in bad faith." *Id*. at 1272.

The Court finds that Defendants will not suffer clear legal prejudice from the dismissal and that Unitrin's counsel did not

2

act in bad faith.  Accordingly, Unitrin's motion to dismiss the action without prejudice is granted.

The Court does not find that an extensive explanation of today's ruling is necessary.  The Court's rationale is straight-forward.  Unitrin did not act in bad faith.  It clearly had the right to seek a declaration of its coverage rights.  And even if Unitrin had evidence regarding its duty to defend and indemnify Cochran prior to filing suit, it nevertheless had the right to engage in discovery to either confirm that evidence or contradict it.  Specifically, Unitrin had the right to nail down the facts relevant to that determination by taking depositions under oath. The Court further notes that Unitrin is providing a complete defense to Cochran in the underlying action, and, therefore, the only coverage issue remaining is whether it has a duty to indemnify Cochran for any judgment entered against her in the underlying action.  That issue is premature until a judgment, if any, is rendered against Cochran.  Thus, it would be a waste of time for this Court to decide the indemnity coverage question on the merits when it may be unnecessary depending on the outcome of the underlying litigation.[1]

---

[1] Defendants argue that Unitrin should be judicially estopped from arguing that the action is premature.  However, to grant judicial estoppel, "it must be established that . . . allegedly inconsistent positions were made under oath in a prior proceeding." *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1335 (11th Cir. 2005).  Defendants have not directed the Court to any prior

3

The Court also finds that Defendants exaggerate their prejudice, particularly given that they voluntarily chose to incur the added expense of filing summary judgment motions *after* Unitrin filed its motion to dismiss the action. Additionally, the Court finds that it is not necessary to place conditions on dismissal at this time. The Court agrees that Defendants should not have to incur the same expenses that they incurred in this action if a future action is filed in which the question of coverage is contested. But the Court knows of no reason why any party would need to duplicate those expenses in some future action. Therefore, the Court finds no reason today to place conditions on dismissal by entering an advisory order that applies to some future possibility. The judge managing that future litigation, if there is any, can determine where the equities lie as to who should be burdened with the cost of duplicative discovery. *See* Fed. R. Civ. P. 41(d)("If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court[] . . . may order the plaintiff to pay all or part of the costs of that previous action.").

Unitrin's motion to dismiss is granted (ECF No. 15), and this action is dismissed in its entirety. All other pending motions are accordingly terminated.

---

proceedings where Unitrin took a position inconsistent with its current position. Therefore, Defendants' judicial estoppel argument fails.

4

IT IS SO ORDERED, this 11th day of December, 2018.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        CHIEF U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA